USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  August 20, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**RAMON JAQUEZ,** on behalf of himself and all others similarly situated

                           **Plaintiff,**

-against-

**AQUA CARPATICA USA, INC.,**

                           **Defendant.**

**20 CV 8487 (ALC)**

**OPINION AND ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff, Ramon Jaquez ("Plaintiff") brings this action on behalf of himself and all other persons similarly situated against Defendant, Aqua Carpatica USA, Inc. ("Defendant" or "ACU"). He alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and the New York City Human Rights Law ("NYCHRL") on the basis that ACU denies visually impaired people from having full and equal access to its website. Defendant moves to dismiss Plaintiff's amended class action complaint. For the reasons that follow, Defendant's motion to dismiss is granted.

**I.  BACKGROUND**

  **A.  Factual Background**

    Plaintiff is a visually impaired person who resides in the Bronx, New York. (Compl. ¶¶ 17, 18). Defendant is a water distribution company and Delaware Corporation that owns and operates the website, www.shopaquacarpatica.com ("website"). Defendant offers goods and services through delivery throughout the United States, including New York State. (Compl. ¶¶ 19, 20).

1

Plaintiff alleges that he attempted to access Defendant's website with the intent of browsing and potentially making a purchase on September 20, 2020, by using a reading software called NonVisual Desktop Access. (Compl. ¶ 22). Despite his efforts, Plaintiff alleges that he was denied access due to the website's lack of a variety of features and accommodations. (Compl. ¶ 23). After visiting the website, Plaintiff concluded that the website "includes multiple barriers making it impossible for himself, and any other visually impaired or blind person, from enjoying access to the website's content equally to that of a sighted user." (Compl. ¶ 24). Plaintiff claims that Defendant is subject to NYCHRL because it owns and operates its website, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1). (Compl. ¶ 57). Plaintiff alleges Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) " in refusing to update or remove access barriers to its website, causing its website and the services integrated with such Website to be completely inaccessible to the blind." (Compl. ¶ 58). Plaintiff further alleges that many features on the website "fail to accurately describe the contents of graphical images, fail to properly label title, fails to distinguish one page from another, contains multiple broken links, contains headings that do not describe the topic or purpose, and the keyboard user interfaces lack a mode of operation where the keyboard focus indicator is visible." (Compl. ¶ 25). Plaintiff also alleges that the access barriers remained when he attempted to access Defendant's website on December 23, 2020. (Compl. ¶ 26) Plaintiff listed the following as specific access barriers:

a. "Site elements such as slider images proving information is not labeled to integrate with the screen reader. Neither the text nor the images are accessible. Only the last tab is accessible and provides "3 of 3-tab item 3 of 3 selected" with no other description."

b. "When select a product for purchase, the details regarding the product are not labeled to integrate with the screen reader. This barred the Plaintiff, and any other visually impaired user of screen-reading software, from accessing important information to complete a purchase."

    c. "The website offers different payment options to its user. The user has the option to make a one-time purchase or the option to subscribe and save. However, only the subscription option is labeled to integrate with -6- the screen reader. The one-time purchase option is not accessible when using a keyboard for navigation."

    d. "Site information such as text providing nutritional information is not labeled to integrate with the screen reader. The information is inaccessible, barring the Plaintiff from accessing vital information the site is to convey."

Plaintiff claims that the accessibility issues on the website have not been resolved by Defendant as a public accommodation, and that he desires to return to the website to potentially purchase products once it is accessible to him.

**B. Procedural History**

Plaintiff commenced this action on October 12, 2020. Plaintiff filed his amended complaint on December 24, 2020. (Compl. ECF No. 14). In light of Plaintiff's amended complaint, the Court denied Defendant's motion to dismiss on December 28, 2020. (ECF No. 13). On January 28, 2021, Defendant filed its motion to dismiss and submitted an accompanying memorandum of law in support of its motion. (Def. Mot./Mem. ECF Nos. 19-20). On February 18, 2021, Plaintiff submitted a memorandum of law in opposition to Defendant's motion to dismiss his amended complaint. (Pl. Opp. ECF No. 22). Plaintiff also submitted a declaration, resume and audit reports from its expert Robert D. Moody. *Id*. On February 25, 2021, Defendant submitted its reply. (Def. Reply ECF No. 23). The Court considers the motion fully briefed. Plaintiff requests that the Court declare Defendant's website is in violation of the ADA and NYCHRL, and requests a preliminary and permanent injunction requiring Defendant to "take all the steps necessary to make its website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the website is ready accessible to and usable by blind individuals". (Compl. Prayer for Relief (b)).

**LEGAL STANDARD**

**I.      Motion to Dismiss**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*citing Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (*quoting Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (*citing Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court also may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

Defendant argues that the Court should grant its motion to dismiss because it lacks subject matter jurisdiction over Plaintiff's claims because: 1) Plaintiff lacks standing to bring his ADA, state and city law claims, 2) the claims alleged in the amended complaint are moot because ACU has remedied all of the alleged ADA violations on the website, and 3) Plaintiff fails to state a claim for various forms of relief under the NYCHRL.

### A. Plaintiff Lacks Standing to Bring His ADA Claim

Defendant alleges that Plaintiff lacks standing to bring his ADA claim. A party must have Article III standing — "the personal interest that must exist at the commencement of the litigation." *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 55 (2d Cir. 2016) (*citing Davis v. FEC*, 554 U.S. 724, 732, 128 S. Ct. 2759 (2008)). A standing issue may be raised at any stage in a litigation, *id*. (*citing Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235 (2006)), and "the party invoking federal jurisdiction bears the burden of establishing the elements [of Article III standing]."

Under Article III, Section 2 of the Constitution, the jurisdiction of the federal courts is limited to "cases" and "controversies". U.S. Const., Art. III, § 2. "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 156, 134 S. Ct. 2334 (2014) (*quoting Lujan*, 504 U.S. at 560).

To establish standing, a plaintiff must have suffered: 1) an injury in fact that is concrete, particularized, and actual or imminent, 2) an injury in fact that is fairly traceable to the challenged conduct of the defendant, and 3) an injury in fact that is likely to be redressable by a favorable

ruling. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (*quoting Lujan*, 504 U.S. at 560). Where, as here, a plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a 'likelihood of future harm.'" *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (summary order) (*quoting Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004)).

Under Title III of the ADA "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201. In actions brought under the ADA, the Second Circuit has "found standing (and therefore an injury in fact)", *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013), where a plaintiff 1) alleges past injury under the ADA, 2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and 3) shows that it is reasonable to infer that he or she "intend[s] to return to [the public accommodation]." *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (summary order) (*quoting Kreisler*, 731 F.3d at 187-88).

Here, Plaintiff alleges that he suffered an injury in fact when he went on Defendant's website which he claims is a public accommodation within Title III, with the intent of browsing, and potentially making a purchase. (Pl. Opp. ECF No. 22 at 12-13). Plaintiff alleges that he was denied access from purchasing any of the products on the website as a visually impaired person because the website is not compatible with the screen-reading software that visually-impaired individuals use. *Id*. at 13 Therefore, Plaintiff concluded that he and the class members have been denied the same access to the online store as those afforded to sighted individuals. *Id*. at 1.

Among other arguments, Defendant claims that Plaintiff has not suffered an injury in fact because he fails to explain: 1) how site elements are not labeled to integrate with the screen reader and what that prevented Plaintiff from accessing [the website], 2) the important information that he was denied access to complete a purchase, 3) the product that he intended to purchase and 4) how inaccessible nutritional information of the products on the website prevented Plaintiff from making a purchase. (Def. Mem. ECF No. 20 at 16). The Court agrees that Plaintiff has not suffered an injury in fact and lacks Article III standing.

First, Plaintiff could not articulate the product that he intended to purchase on Defendant's website. Furthermore, he did not specify the name of any product that he desires to purchase in the future in his amended complaint. A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully" in order to survive a motion to dismiss. It is not sufficient to claim that he suffered an injury in fact by casually going on the website with the intent of browsing and potentially purchasing a product without identifying the product that he was prevented from purchasing. *See Guglielmo v. Neb. Furniture Mart, Inc.,* 2020 U.S. Dist. LEXIS 238707, at *11, (S.D.N.Y. Dec. 18, 2020) (Dismissing the plaintiff's complaint that he encountered barriers while attempting to access the defendant's website because he failed to identify the goods that he intended to purchase on any of his visits to the website).

Second, in the *Camacho* case cited by Plaintiff, the plaintiff was a visually impaired individual that articulated that he went on the defendant's website for a specific purpose – to obtain curriculum information and receive a financial aid estimate if he were admitted as a student. The plaintiff in that case was unable to access this information from the defendant's website which prevented him from applying to the university. *See Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at 16* (S.D.N.Y. Dec. 4, 2019). Unlike in *Camacho*, Plaintiff here has not pleaded

7

injury in fact with sufficient clarity of the product that he intended to purchase on defendant's website, or seeks to purchase in the future. Therefore, the Court holds that he lacks standing to bring a claim under the ADA.

### B. If Plaintiff Had Standing, His ADA Claim Would Not Necessarily Be Moot

Although the Court has established that Plaintiff lacks standing to bring his claim, the Court will examine Defendant's claim that it has remedied all of the alleged ADA violations listed in Plaintiff's original and amended complaint(s) rendering Plaintiff's ADA claim moot. Defendant also claims that it will continue to remain compliant with current Web Content Accessibility Guidelines ("WCAG") that may be established in the future. The actions taken by Mr. Maridakis to remedy the violations were listed in his declaration as follows (ECF No. 21):

> 5. "After ACU was served with the original Complaint, I personally reviewed the Complaint and the three Websites [shopaquacarpatica.com, aquacarpatica.com, and blogaquacarpatica.com] to identify all potential deficiencies with the three Websites."
>
> 6. "I then personally made sure that all such deficiencies were remedied and that no barriers to access exist on any of the Websites, including on the website shopaquacarpatica.com, as alleged in the Complaint."
>
> 8. "On October 26, 2020, October 27, 2020, and October 28, 2020, AudioEye installed its program on the Websites: aquacarpatica.com, blog.aquacarpatica.com, and shopaquacarpaitica.com, respectively. The AudioEye program removed all identified access barriers on the Websites, making them conforming to WCAG 2.1 Guidelines."
>
> 9. "More, as per WCAG 2.1 Guidelines, the AudioEye program installed on each of the Websites includes an AudioEye Toolbar, which contains a 24/7 Help Desk link that allows users to report to AudioEye any accessibility or usability issues experienced on the Website. In other words, if an end user, including a visually-impaired user, encounters any access barriers, the user is able to report said barriers to the Help Desk, so it can be reviewed and remediated by AudioEye, as needed."

Because he continued to encounter issues accessing Defendant's website when he revisited the website on December 23, 2020, Plaintiff alleges that his claim is not moot. (Pl. Opp. ECF No.

22 at 8). Plaintiff listed the following as remaining accessibility barriers for visually impaired people (ECF. No. 14):

> a. "Site elements such as slider images proving information is not labeled to integrate with the screen reader. Neither the text nor the images are accessible. Only the last tab is accessible and provides "3 of 3-tab item 3 of 3 selected" with no other description."
>
> b. "When select a product for purchase, the details regarding the product are not labeled to integrate with the screen reader. This barred the Plaintiff, and any other visually impaired user of screen-reading software, from accessing important information to complete a purchase."
>
> c. "The website offers different payment options to its user. The user has the option to make a one-time purchase or the option to subscribe and save. However, only the subscription option is labeled to integrate with the screen reader. The onetime purchase option is not accessible when using a keyboard for navigation".
>
> d. "Site information such as text providing nutritional information is not labeled to integrate with the screen reader. The information is inaccessible, barring the Plaintiff from accessing vital information the site is to convey."

Mr. Maridakis claims that he reviewed the allegations in paragraph 26 in Plaintiff's amended complaint and contacted AudioEye to determine whether the claims of accessibility issues were true. AudioEye reported that some of the barriers alleged in the amended complaint existed, "but confirmed, again, that the Websites were/are conforming with WCAG 2.1 Guidelines." (ECF No. 21 at 4). Mr. Maridakis claims he immediately asked AudioEye to "remediate/resolve all of the access barriers identified in Paragraph 26 of the amended complaint." *Id*.

The Court has reviewed previous case decisions in this district on this matter including the cases cited to by the parties here. The Court believes that the evidence provided by Plaintiff and Defendant reveal that there may be potential ADA violations on the website that the Defendant has not yet remedied.

First, an analysis by AudioEye referenced by Defendant reveal that some of the accessibility barriers alleged in paragraph 26 of Plaintiff's amended complaint remained in early January 2021. (Def. Mem. of Law, ECF No. 20 at 8). Second, Plaintiff hired an expert investigator, Robert D. Moody, to audit the Defendant's website that reported that there were remaining accessibility issues on the website for visually impaired people as of February 2021. *See* Declaration of Robert D. Moody, Exhibits A and B. Plaintiff references the Second Circuit's decision that the "voluntary cessation" of a defendant's conduct does not ordinarily render a case moot". *Knox v. Serv. Emp. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). The Second Circuit has applied a two part test to determine whether a defendant's voluntary cessation renders a case moot. The defendant must demonstrate that: 1) there is no reasonable expectation that the alleged violation will recur and 2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) (*quoting Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)).

Unless the Defendant has remedied all remaining access barriers on its website, it does not satisfy the first prong of the Second Circuit's test. Defendant claims that it has contacted AudioEye to rectify any remaining accessibility issues on the website for visually impaired people. If all accessibility barriers on the website are currently remedied, the Court believes that there is no reasonable expectation that the alleged ADA violation will recur. However, that has not been proven here.

With respect to the second prong of the Second Circuit's test, it is established that there were remaining accessibility issues with Defendant's website for visually impaired people when Plaintiff filed his amended complaint on December 24, 2020. As the Court must take the allegations in Plaintiff's complaint as true on a motion to dismiss, there may be potential

accessibility barriers that exist that counter Defendant's argument that it has remedied all accessibility barriers and the ADA violation claim is now moot.

If Plaintiff had standing, Plaintiff's claims would not be determined to be moot. However, because Plaintiff lacks standing to bring his ADA claim before the Court, Defendant's motion to dismiss his ADA claim will be granted. Standing must be established first in order for the Court to exercise jurisdiction over any matter. *See Thompson v. Cty. of Franklin*, 15 F.3d 245, 247 ("Indeed, standing is perhaps the most important of [the jurisdictional] doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 607 (1990) (alteration in original) (*quoting Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315 (1984)).

As discussed *supra*, Plaintiff has not successfully pleaded an injury in fact with sufficient clarity of the product that he was prevented from purchasing on Defendant's website when he visited the website on September 20, 2020, or December 23, 2020. Plaintiff has also not articulated the product that he desires to buy in his wish to return to the website in the future. If Plaintiff had adequately alleged that he suffered an injury in fact, his complaint may have survived Defendant's motion to dismiss. *See, e.g., Sullivan v. Study.com LLC*, 2019 WL 1299966, at *5 (S.D.N.Y. Mar. 21, 2019) (Denying defendant's motion to dismiss and rejecting mootness argument where plaintiff identified continued barriers to accessing certain videos on defendant's website); *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 442 (S.D.N.Y. 2018) (denying defendant's motion to dismiss because it did not provide any affirmative showing that its current website is ADA-compliant, and will remain that way, beyond asserting so and citing to the website itself); *Del-Orden v. Bonobos, Inc.*, 2017 U.S. Dist. LEXIS 209251, at *11-12 (S.D.N.Y. Dec. 20, 2017) (where plaintiff alleged, and the court's review of the website confirmed at least one continued barrier to access).

### C. Plaintiff's Claim under the NYCHRL

Since the Court has determined that Plaintiff lacks standing to bring his ADA claim, the Court dismisses Plaintiff's claim under NYCHRL as well. Where a district court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over any remaining claims 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise jurisdiction." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citations and internal quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The Court finds that nothing distinguishes this matter from "the usual case." First, Plaintiff's federal claim against the Defendant is dismissed prior to trial. *See Dellutri v. Vill. of Elmsford*, 895 F. Supp. 2d 555, 575 (S.D.N.Y. 2012) (declining to exercise supplemental jurisdiction where "th[e] case remains in its initial stages, and the [p]arties have not yet proceeded to discovery"); *Middleton v. United States*, No. 10 CV 6057, 2012 WL 394559, at *1 (E.D.N.Y. Feb. 7, 2012) (declining to exercise supplemental jurisdiction because no federal claims survived a motion to dismiss). Moreover, none of the factors that the Supreme Court enunciated in *Cohill*— "judicial economy, convenience, fairness, [or] comity"—militates against such dismissal, 484 U.S. at 350 n.7.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. (ECF No. 19.) The Clerk of Court is directed to close this case.

**SO ORDERED.**

**Dated: August 20, 2021**
      **New York, New York**

                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**